United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS, F.G. CROSTHWAITE, and RUSSELL E. BURNS, as Trustees,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DYNAMIC CONSULTANTS, INC., ANACON TESTING LABORATORIES, INC., and DOES 1–20,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 12-00487 WHA<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND VACATING HEARING** |

**INTRODUCTION**

In this action under the Employee Retirement Income Security Act, plaintiffs F.G. Crosthwaite and Russell E. Burns, in their capacities as trustees of The Board of Trustees of the Pension Plan for the Pension Trust Fund for Operating Engineers, move for default judgment against defendants Dynamic Consultants, Inc. and Anacon Testing Laboratories, Inc. For the following reasons, the motion for default judgment is **DENIED WITHOUT PREJUDICE**. The hearing scheduled for August 23 is **VACATED**.

**STATEMENT**

The facts alleged by plaintiffs are as follows. Plaintiff Pension Trust Fund for Operating

1 Engineers (the Trust) is an "employee benefit plan", an "employee benefit pension plan" and a
2 "multiemployer plan" as defined in the Employee Retirement Income Security Act of 1974
3 (ERISA) (Compl. ¶ 5). As trustees of the Board of Trustees of the plaintiff benefit plan,
4 plaintiffs Crosthwaite and Burns "fiduciaries" with respect to the Trust and are authorized to act
5 on behalf of the Trust (*id*. ¶ 6). Operating Engineers Local 3 (the Union) is a labor organization
6 as defined in the National Labor Relations Act (*id.* ¶ 13). Defendant Dynamic Consultants, Inc.
7 (Dynamic) was a participating employer in the Trust pursuant to a collective bargaining
8 agreement with the Union (*ibid*.). The collective bargaining agreement obligated Dynamic to
9 make contributions to the Trust for the benefit of covered employees (*ibid*.). Defendant Anacon
10 is within the same controlled group as Dynamic, and therefore the two entities are treated as a
11 single employer pursuant to ERISA (*id*. ¶¶ 3, 18).

12 In April 2009, Dynamic stopped contributing to the Trust and made a complete
13 withdrawal under ERISA, subjecting Dynamic to withdrawal liability (Br. 3; Compl. ¶ 14).
14 Plaintiffs allege that because Anacon and Dynamic are treated as a single employer, Anacon is
15 jointly and severally liable for Dynamic's withdrawal (Compl. ¶ 14). Plaintiffs further allege
16 that defendants' assessed withdrawal liability pursuant to ERISA is $1,094,355, plus accrued
17 interest, liquidated damages and costs including attorneys' fees (*id*. ¶ 14).

18 Plaintiffs filed a complaint on January 31, 2012. Plaintiffs' proof of service indicates that
19 the summons and complaint were delivered to defendants on February 15, 2012. Motion for
20 entry of default was filed on June 13, 2012. Default was entered as to Dynamic and Anacon on
21 June 18, 2012. No response from defendants has been received.

**ANALYSIS**

23 Under FRCP 55(b)(2), a plaintiff can apply for a default judgment against a defendant
24 that has failed to plead or otherwise defend an action. "The district court's decision whether to
25 enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.
26 1980). In determining whether default judgment is appropriate, the following factors are
27 considered: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
28 substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the

action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**1. MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.**

After the entry of default, all well-pleaded factual allegations in the complaint are taken as true, except as to the amounts of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered together.

29 C.F.R. § 4219(b)(2) states that, "[i]n the event of a default, a plan sponsor may require immediate payment of all or a portion of the outstanding amount of an employer's withdrawal liability, plus interest." Plaintiffs have demanded payment of the outstanding amount on three occasions: *first*, on June 21, 2011, in a notice of assessment provided to Dynamic pursuant to ERISA (Compl. ¶ 15–16), *second*, on January 31, 2012, when the complaint was filed (Dkt. No. 1), and *third*, in the present motion filed on July 9, 2012 (Dkt. No. 20). In plaintiffs' notice of assessment, plaintiffs gave Dynamic the option to pay the full withdrawal liability immediately *or* on a quarterly installment schedule (Compl. ¶ 15–16). To date, defendants have failed to make any withdrawal liability payments (*id.* ¶ 18).

29 U.S.C. 1451(b) (ERISA § 4203(b)) states that "[i]n any action . . . to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title)." With regards to delinquent payments, ERISA states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. 1145.

The Ninth Circuit has read Section 1145 as creating a federal cause of action against employers who do not make timely contributions as required under a collective bargaining agreement, such as the one involved in this action. *See, e.g., Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.* 572 F.3d 771, 776–77 (9th Cir. 2009). Moreover, when damages are "certain," as in this case where covered work has been performed and the only question is the amount of contribution due, the burden is on the employer to prove that the plaintiffs' damage estimate is incorrect. *Motion Picture Industry Pension & Health Plans v. N.T. Audio Visual Supply, Inc.*, 259 F.3d 1063, 1065–67 (9th Cir. 2001). In other words, the determination regarding the amount due is to be construed in favor of the benefit plan.

As explained, contributions that defendants owe under Section 1145 are delinquent. 29 U.S.C. 1132(g)(2) sets forth the damages that are to be recovered by benefit plans in such an action:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan:
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
>     i. interest on the unpaid contributions, or
>
>     ii. liquidated damages provided for under the plan in amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorneys fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

The Ninth Circuit has interpreted Section 1132(g)(2) to mean that when an employer is found liable for delinquent contributions, an award of the unpaid contributions, interest,

4

liquidated damages, and reasonable attorney's fees and costs is mandatory. *See Northwest Adm'rs, Inc. v. Albertson's, Inc.,* 104 F.3d 253, 257-58 (9t Cir. 1996); *Teamsters Pension Trust Fund-Board of Trustees of the Western Conference v. Allyn Transp. Co.,* 832 F.2d 502, 507 (9th Cir. 1987).

In short, plaintiffs' complaint sufficiently states a meritorious claim for violation of ERISA. This Court, however, is *not* required to accept as true plaintiffs' allegations as to the amounts of damages. *See Fair Housing*, 285 F.3d at 906 (9th Cir. 2002). Plaintiffs request a default judgment against defendants in the amount of $1,094,355, plus accrued interest, liquidated damages and costs including attorneys' fees (Compl. ¶ 14). The record, however, supporting plaintiffs' request for damages is defective. Plaintiffs' claim that the principal owed by defendants in unpaid contributions is $1,094,355 is purportedly based upon calculations provided by Horizon Actuarial Services, LLC, the plaintiffs' actuary (Trento Decl. ¶ 9). Plaintiffs have attached a letter from Jonathan Feldman, a consulting actuary for Horizon, stating that based on Horizon's calculations, Dynamic's withdrawal liability is $1,094,355 (Trento Decl. Exh. D). However, Mr. Feldman's statement regarding Dynamic's withdrawal liability is not under oath, and his letter does not state in detail how Horizon determined Dynamic's withdrawal liability. The amount requested by plaintiffs is too large to be awarded on a motion for default judgment without a sworn record that justifies the sum in detail.

Plaintiffs' calculation of the interest and liquidated damages purportedly owed by defendants is based upon plaintiffs' claim regarding Dynamic's withdrawal liability. The record that plaintiffs have submitted, however, is insufficient to support their claim as to the withdrawal liability amount. Interest and liquidated damages cannot be calculated until the withdrawal liability is properly determined.

### 2. REMAINDER OF THE *EITEL* FACTORS.

The remainder of the *Eitel* factors counsel in favor of granting plaintiffs' motion for default judgment. *First*, the possibility of prejudice to plaintiffs is great. If this motion is not granted, plaintiffs will be left without a remedy. The employee beneficiaries of the pension plan would not receive their full benefits. *Second,* defendants never answered or otherwise responded

5

to the complaint, so it is unclear whether there would be any dispute over material facts. *Third*, there is no evidence that defendants' failure to respond was the result of excusable neglect. Summons was hand-delivered to both Dynamic and Anacon's executive vice president. Defendants therefore had sufficient notice of plaintiffs' claim. *Fourth*, although federal policy favors decisions on the merits, FRCP 55(b) allows entry of default judgment in situations such as this, where defendants have refused to litigate.

The sum of money at stake in this action, however, is so great that default judgment cannot be granted based on a record that is defective as to plaintiffs' claims for the withdrawal liability, interest and liquidated damages. Default judgment is generally disfavored where large sums of money are involved. *Eitel*, 782 F.2d at 1472 (stating that a three million dollar judgment at stake supported the court's decision not to enter default judgment).

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for default judgment against defendants is **DENIED WITHOUT PREJUDICE**. Final judgment will be held until plaintiffs have cured the deficiencies in their motion with respect to their prayers for the withdrawal liability, interest, and liquidated damages. Plaintiffs must provide a sworn record that provides a detailed justification for the large amount they have requested. Plaintiffs' actuary must swear under oath as to the withdrawal liability amount and detail how it was determined. Should plaintiffs choose to amend their motion, attorneys for plaintiffs should not charge attorneys' fees for the re-submission. Plaintiffs will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a fresh motion for default judgment, noticed on the normal 35-day track. This motion should clearly explain how it cures the deficiencies identified in this order. The hearing set for August 23, 2012 is hereby **VACATED.** Plaintiffs shall serve this order on defendants.

**IT IS SO ORDERED.**

Dated: August 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6