United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PENSION PLAN FOR PENSION TRUST,
FUND FOR OPERATING ENGINEERS,
F.G. CROSTHWAITE and RUSSELL E.
BURNS, as Trustees,

    Plaintiffs,

  v.

DYNAMIC CONSULTANTS, INC.,
ANACON TESTING LABORATORIES,
INC., and DOES 1–20,

    Defendants.

                                       /

No. C 12-00487 WHA

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**INTRODUCTION**

In this ERISA action, plaintiffs move for default judgment against defendants. For the following reasons, the motion for default judgment is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiffs seek default judgment against defendants. A prior order previously determined that the *Eitel* factors supported a finding of default judgment, but, deficiencies in the plaintiffs' complaint as to damages prevented final judgment (Dkt. No. 27). Plaintiffs have now submitted a new motion for default judgment.

The facts alleged in the plaintiff's complaint are as follows. Plaintiff Pension Trust Fund for Operating Engineers is an employee benefit plan as defined in the Employee Retirement

United States District Court
For the Northern District of California

Income Security Act of 1974 (ERISA) (Compl. ¶ 5). Crosthwaite and Burns are trustees of the plan (Compl. ¶ 6). Operating Engineers Local 3 is a labor organization as defined in the National Labor Relations Act (Compl. ¶ 13). Defendant Dynamic Consultants, Inc. was a participating employer in the plan pursuant to a collective bargaining agreement with Operating Engineers Local 3. The collective bargaining agreement obligated Dynamic to make contributions to the plan for the benefit of covered employees (Compl. ¶ 13). Plaintiffs allege that defendant Anacon Testing Laboratories, Inc. is within the same control group as Dynamic, and therefore the two entities are treated as a single employer pursuant to ERISA (Compl. ¶¶ 3, 18). In April 2009, Dynamic stopped contributing to the plan and made a complete withdrawal under ERISA, subjecting Dynamic to withdrawal liability (Compl. ¶ 14). Plaintiffs allege that defendants' assessed withdrawal liability pursuant to ERISA is $1,094,355, plus accrued interest, liquidated damages and costs including attorney's fees (Compl. ¶ 14). Plaintiffs filed a complaint on January 31, 2012. The executed summons indicates that the compliant was served in person on February 15, 2012, to the executive vice president of Dynamic and Anacon who is authorized to accept service (Dkt. Nos. 6, 7). Default was entered as to Dynamic and Anacon on June 18, 2012 (Dkt. 16). This motion for default judgment was filed and served on defendants by mail on August 30, 2012 (Dkt. No. 34). No response from defendants has been received.

**ANALYSIS**

The prior order on default judgment found that plaintiffs' complaint sufficiently states a meritorious claim for violation of ERISA. The order, however, refused to accept as true plaintiffs' allegations for the amount of damages and required plaintiffs to provide a sworn record that justifies its request in greater detail. Plaintiffs have now provided a declaration submitted under penalty of perjury by their actuary. The actuary's declaration provides a detailed justification of the amount of withdrawal liability and a detailed description regarding how the withdrawal liability amount was determined. Furthermore, appended to the actuary's declaration is the report on employer withdrawal liability used in the actuary's calculations and the actuary's letter to plaintiffs regarding Dynamic's liability.

2

Plaintiffs seek default judgment against both Anacon and Dynamic for Dynamic's violation of ERISA. 29 U.S.C. 1301(b)(1) provides that trades and businesses operated under common control are considered a single entity and thus are jointly and severally liable for each other's withdrawal liability. *Board of Trustees of Western Conference of Teamsters Pension Trust Fund v. Lafrenz,* 837 F.2d 892, 893 (9th Cir. 1988). Trades or businesses under common control include brother-sister groups which are defined as businesses in which the same five or fewer people own a controlling interest in each organization and are in effective control of each organization. 26 I.R.C. 414(c)–2(c)(1). Here, Michelle K. Craig owned 95% of Dynamic and 100% of Anacon (Babu Decl. ¶¶ 5–6). Accordingly, Dynamic and Anacon are members of a brother-sister group and are thus under common control and jointly and severally liable.

Plaintiffs seek a judgment against defendants granting the following relief: (1) $1,094,335 in unpaid contributions; (2) $218,871 in liquidated damages; (3) $128,023.14 in interest; (4) $3,539.84 in costs; and (5) $6,471 in attorney's fees. "In any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title)." 29 U.S.C. 1451(b). An award of the unpaid contributions, interest, liquidated damages, and reasonable attorney's fees and costs is mandatory, pursuant to Section 1132(g)(2) when (1) a judgment has been obtained in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for such an award. *Nw. Adm'rs., Inc., v. Albertson's Inc.*, 104 F.3d 253, 257–58 (9th Cir. 1996); *Teamsters Pension Trust Fund-Board of Trustees of the Western Conference v. Allyn Transp. Co.*, 832 F.2d 502, 507 (9th Cir. 1987). Here, all requirements have been satisfied. The plan authorized an award for damages in the event of a withdrawal and withdrawal liability was unpaid at the time this suit was filed, and remains unpaid to date. Below is a determination of relief based on plaintiffs' motion for default judgment.

3

### 1.   UNPAID CONTRIBUTIONS.

Plaintiffs claim that the principal owed by defendants in withdrawal liability is $1,094,355. The withdrawal liability assessments were calculated using the presumptive method of allocation as described in ERISA Section 4211(b) (Feldman Decl. ¶ 7). The calculation of withdrawal liability is based on Dynamic's withdrawal during the 2009 plan year. It was calculated using the unfunded vested benefits as of December 31, 2008, and the assumptions specified in the actuary's report on employer withdrawal liability as of December 31, 2008, that was generated on November 16, 2009 (Feldman Decl. ¶ 9). The withdrawal liability was determined based on data provided to the actuary consisting of the contributions Dynamic was obligated to make to the plan from 1998 through 2008 (Feldman Decl. ¶ 10). The actuary's calculations indicate the withdrawal liability payment owed is $1,094,355. Plaintiffs' motion sufficiently substantiates how this amount was calculated. As such, plaintiffs' request for $1,094,355 in unpaid contributions is hereby **GRANTED**.

### 2.   LIQUIDATED DAMAGES.

Section 1132(g)(2) provides that liquidated damages are recoverable and may not exceed "20 percent (or such higher percentage as may be permitted under Federal or State law)" of unpaid contributions. In order to award liquidated damages, our court of appeals requires (1) the fiduciary must obtain a judgment in favor of the plan, (2) unpaid contributions must exist at the time of suit, and (3) the plan must provide for liquidated damages. Once the provision applies, liquidated damages are mandatory. *Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 215 (9th Cir. 1989).

Here, all three requirements for liquidated damages are satisfied. Withdrawal liability was unpaid at the time the suit was filed, and remains unpaid to date. Additionally, the collective bargaining agreement provided for liquidated damages at a rate of 20 percent of the delinquent amount upon commencement of litigation (Trento Decl. ¶¶ 7, 11). The unpaid withdrawal liability at the commencement of this litigation was $1,094,355; therefore plaintiffs' are entitled to 20 percent of $1,094,355. Accordingly, plaintiffs' request for liquidated damages in the amount of $218,871 is **GRANTED.**

4

**3.     INTEREST.**

Interest on unpaid contributions must be calculated "by using the rate provided under the plan, or, if none, the rate prescribed under Section 6621 of Title 26." The collective bargaining agreement provided for an interest rate of 10 percent (Trento Decl. ¶ 7). Under 29 U.S.C. 1399(c)(3), interest on the accelerated withdrawal liability accrues from the due date of the first delinquent installment payment. Dynamic's first missed installment payment was due on August 1, 2011, and ten percent interest on the unpaid withdrawal liability has been accruing since that date (Trento Decl. ¶ 12). Accordingly, plaintiffs' request for $128,023.14. for interest accrued from August 1, 2011, through October 11, 2012, the date of the hearing on this motion, is **GRANTED**.

**4.     ATTORNEY'S FEES AND COSTS.**

Plaintiffs seek $6,471.00 in attorney's fees and $3,539.84 in costs. Plaintiffs have sufficiently substantiated the amount of attorney's fees, delivery costs and fees for filing and service of process incurred and why such amounts are reasonable (Babu Decl. ¶¶ 11–16). Plaintiffs, however, have failed to substantiate its costs for investigative services totaling $2,920. Plaintiffs have not provided any information on what the investigative costs were. Plaintiffs have merely included it on a chart listing fees (Babu Decl. ¶ 17). Therefore, plaintiffs' request for $6,471 in attorney's fees and $619.84 in costs is hereby **GRANTED**. Plaintiffs' request for $2,920 in investigative costs is **DENIED**.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for default judgment as to unpaid contributions, liquidated damages, interest and attorney's fees and costs in the amount of $1,448,339.98 is **GRANTED**. Plaintiff's request for investigative fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 11, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE